TOBIAS, J.,
concurs.
Jjl respectfully concur. I write separately to note that in my view (if at all), in the absence' of appropriate allegations as specified in La. R.S. 12:1320,[1] Channelside cannot obtain the information sought and, accordingly, the trial court is not permitted to view the documentation sought in camera.

. La. R.S. 12:1320 states:
A. The liability of members, managers, employees, or agents, as such, of a limited liability company organized and existing under this Chapter shall at all times be determined solely and exclusively by the provisions of this Chapter. . .
B. Except as otherwise specifically set forth in this Chapter, no member, manager, employee, or agent of a limited liability company is liable in such capacity for a debt, obligation, or liability of the limited liability company.
C. A member, manager, employee, or agent of a limited liability company is not a proper party to a proceeding by or against a limited liability company, except when the object is to enforce such a person’s rights against or liability to the limited liability company.
D.Nothing in this■ Chapter shall be construed as being in derogation of any rights which any person may by law have against a member, manager, employee, or agent of a limited liability company because of any fraud practiced upon him, because of any breach of professional duty or other negligent or wrongful act by such person, or in derogation of any right which the limited liability company may have against any such person because of any fraud practiced upon it by him. [Emphasis supplied.]